UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VOTING SOLUTIONS, INC., | ) | CASE NO.: 5:09CV956 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| DIEBOLD, INC., et al., | ) | (Resolving Docs. 32, 35, 37) |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court on a motion filed by Defendants Diebold, Inc. and Premier Election Solutions, Inc. (collectively "Diebold") seeking under Fed.R. Civ.P. 12(b)(6) to dismiss the Complaint filed by Plaintiff Voting Solutions, Inc.  Doc. 32. Following briefing on the motion, the parties jointly moved to stay discovery in the matter pending this Court's decision.  Doc. 35.  Additionally, after briefing was closed, Voting Solutions moved for leave to file a supplemental brief.  The Court now resolves the pending motions.

**I.  Facts**

Voting Solutions filed its complaint against Diebold on April 24, 2009.  In its complaint, Voting Solutions contends that it entered into an oral agreement with Diebold to provide services in certain South American countries.  The complaint contains claims for breach of contract, promissory estoppel, fraud, unjust enrichment, and a claim labeled "alter ego."  On July 13, 2009, this Court granted Diebold's motion for a more definite

statement.  As a result, an amended complaint was filed on July 22, 2009.  On August 10, 2009, Diebold moved to dismiss the amended complaint.  Voting Solutions responded, and Diebold replied.  During the briefing, the parties jointly moved to stay discovery pending resolution of the motion.

Following Diebold's reply, Voting Solutions moved to file a supplemental brief in opposition to the motion to dismiss.  Diebold responded in opposition to that motion.  All three motions are now before the Court.

## II. Motion for Leave

Voting Solutions' motion for leave is denied.  In its motion, Voting Solutions contends that it recently discovered new evidence that bolsters its claim.  However, given that the pending matter before the Court is a motion to dismiss, it would be improper for the Court to consider evidence outside the pleadings and attachments.  Accordingly, the motion for leave is DENIED.

## III. Motion to Dismiss Legal Standard

The Sixth Circuit stated in *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion.  *Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted).  Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all

the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 127 S.Ct. at 1969.

*Id.* at 548.

Moreover, if an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id.* Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id.* Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

### IV. Analysis

A. <u>Breach of Contract</u>

Diebold first contends that the breach of contract claim must be dismissed pursuant to the statute of frauds. This Court agrees.

Ohio Revised Code ("O.R.C.") § 1335.05 provides as follows:

No action shall be brought whereby to charge the defendant…upon an agreement that is not to be performed within one year from the making

3

> thereof; unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized.

In its amended complaint, Voting Solutions alleged as follows:

> As of August 16, 2007, the parties had reached a complete and full understanding as to the essential terms of their agreement whereby Voting Solutions would function as DESI's authorized non-exclusive distributor to sell and market the Voting System Products… for a term of five (5) years.

Doc. 30 at 14-15.

Voting Solutions first argues that it has satisfied the statute of frauds through the various emails that were attached to the complaint.  The Court finds no merit in this contention.

The emails show a business negotiation at varying stages.  Even combining all of the documents attached to the complaint that are signed by Diebold, the essential terms of the contract cannot be determined.  The terms alleged by Voting Solutions cannot be found in any writing, nor is there any explicit acceptance of those terms in any of the emails.  Accordingly, Voting Solutions' first argument lacks merit.

Voting Solutions also contends that performance of the agreement within one year was not precluded.  In this respect, the Ohio Supreme Court has noted as follows:

> For over a century, the "not to be performed within one year" provision of the Statute of Frauds, in Ohio and elsewhere, has been given a literal and narrow construction. The provision applies only to agreements which, by their terms, cannot be fully performed within a year, and not to agreements which may possibly be performed within a year. Thus, where the time for performance under an agreement is indefinite, or is dependent upon a contingency which may or may not happen within a year, the agreement does not fall within the Statute of Frauds.

4

*Sherman v. Haines*, 73 Ohio St.3d 125, 127 (1995).  By the very terms alleged by Voting Solutions, the contract could not be performed in less than one year.  Rather, the contract provided for a distributorship that would last five years.  Voting Solutions' argument that the contract could somehow be completed within a year is unavailing.

First, Voting Solutions contends that the agreement "does not preclude full performance or make performance within one year impossible."  This statement is unexplained, and as noted above, the Court cannot conceive of a manner in which it could be true.  Second, Voting Solutions contends that since a later unsigned draft agreement contains a termination clause, the statute of frauds is somehow inapplicable.  This argument suffers from numerous flaws.  There is no legal support for such an argument. Further, there is nothing to suggest that the terms of this later-created draft agreement mimic those of the alleged oral agreement.  While the amended complaint alleges numerous specific provisions of the oral agreement, there is nothing to suggest that this termination clause was also agreed to orally.

Accordingly, the statute of frauds bars Voting Solutions breach of contract action.  The breach of contract claim is hereby DISMISSED.

B. Promissory Estoppel

Ordinarily, the statute of frauds would likewise bar Voting Solutions' promissory estoppel claim.  However, in circumstances "where there was a promise to prepare signed documentation of the agreement," Ohio courts have declined to dismiss such a claim.  *See Auto Chem Labs., Inc. v. Turtle Wax, Inc.*, No. 3:07CV156, 2008 WL 4372697 (S.D.Ohio Sept. 23, 2008) (citing *Olympic Holding Co., LLC v. ACE Ltd.*, 2007 WL 4340276 (Ohio

5

Ct. App. Dec. 13, 2007).  In its complaint, at paragraph 42, Voting Solutions alleges that the parties agreed to commit their oral agreement to paper.  Accordingly, the statute of frauds will not bar this claim.

Diebold, however, contends that the complaint does not state the elements of a promissory estoppel claim.  Under Ohio law, a claim for promissory estoppel contains the following elements:

> 1) a clear and unambiguous promise, 2) reliance on the promise, 3) that the reliance is reasonable and foreseeable, and 4) that he was injured by his reliance.

*Patrick v. Painesville Commercial Properties, Inc.*, 123 Ohio App.3d 575, 583 (Ohio 1997).

Diebold first contends that no clear and unambiguous promise was made.  The complaint contains a precise alleged promise at paragraph 43.  In that paragraph, Voting Solutions details the alleged promises that were made in great detail.  Further, Diebold's argument that the parties were only in negotiations and contemplated a final written agreement is unavailing at this stage of the litigation.  Diebold is correct that the attachments to the complaint indicate ongoing negotiations following the date of the alleged promise/oral contract.  However, the fact that negotiations were ongoing does not negate Voting Solutions' contentions that a prior promise had been made.  Furthermore, there is nothing to conclusively indicate that Voting Solutions' believed that *only* negotiations had taken place and that no final agreement had been reached.  Under the motion to dismiss standard, the Court finds that the first element has been satisfied.

Diebold does not challenge the second and fourth elements of the promissory estoppel claim, but instead contends that no reasonable reliance can be demonstrated in

6

the complaint. This argument likewise relies on Diebold's contentions that the parties were merely in negotiations and that no final agreement was ever reached. While this fact may ultimately be demonstrated, it is not demonstrated clearly in the allegations in the complaint. Rather, the complaint alleges that the ongoing negotiations continued well after an oral agreement had been reached. Under those facts, the Court cannot say that reasonable reliance has not been alleged in the complaint. Accordingly, the motion to dismiss is DENIED with respect to the promissory estoppel claim.

    C. Fraud

Diebold raises an identical "reasonable reliance" argument with respect to the fraud claim. For the reasons stated above, this argument fails.

Diebold also contends that the fraud claim must fail because the alleged misrepresentations were made regarding future events and Voting Solutions has failed to demonstrate a present intent not to perform as it relates to those future events. The Court finds no merit in this argument.

The complaint alleges that Diebold effectively strung Voting Solutions along to gain valuable insight, information, and contacts related to South America. Once that information was obtained, Diebold cast Voting Solutions aside. At a bare minimum, the complaint contains sufficient facts to support a strong inference that Diebold had no intention to fulfill its alleged promises. At this stage of the litigation, that inference is strong enough to survive a motion to dismiss. Accordingly, the motion to dismiss the fraud claim is DENIED.

D.  Unjust Enrichment

Diebold contends that the unjust enrichment claim must be dismissed because Voting Solutions complaint fails to demonstrate that it has superior equity.  The Court finds no merit in this contention.

Under Ohio law, the elements of unjust enrichment are as follows:  (1) a benefit conferred upon defendant by plaintiff, (2) knowledge by defendant of the benefit, and (3) the acceptance or retention by defendant of the benefit under circumstances that make it inequitable for defendant to retain and benefit without payment of its value.  *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183 (1984).  Because a plaintiff pursuing an unjust enrichment claim seeks equitable relief, the plaintiff must show a superior equity so that it would be unconscionable for the defendant to retain the benefit.  *Chesnut v. Progressive Casualty Ins. Co.*, 166 Ohio App.3d 299, 308 (2006).

Contrary to Diebold's argument, the facts alleged in the complaint demonstrate a claim of superior equity.  Voting Solutions alleges that it performed a substantial amount of work in South America that provided a direct benefit to Diebold.  Diebold then used this benefit to gain business in South America and in fact entered into a contract with a third party for that business.  In addition, Voting Solutions alleges that Diebold made it promises with respect to that business with no intention of keeping those promises.  If true, those facts would place Voting Solutions in a place of superior equity.

Diebold's argument again boils down to its belief that the parties were engaged in preliminary negotiations and that it was Voting Solutions that walked away from the negotiation process.  If later proven, Diebold would undoubtedly have a defense to this matter.  However, as noted above, the allegations in the complaint must be accepted as

8

true and they do not correspond with Diebold's argument. Accordingly, the motion to dismiss the unjust enrichment claim is DENIED.

    E.  Alter Ego

The final claim of the complaint seeks to pierce the corporate veil and hold Diebold directly liable, even for actions taken by its subsidiary, Premier. Diebold is correct that the allegations against it directly are far weaker than those related directly to Premier. However, at this stage of the litigation, it is unclear to what extent Diebold was directly involved with decisions regarding Voting Solutions. It is further unclear to what extent Diebold controlled the everyday activities of Premier. As such, the complaint has at least pled a colorable basis for piercing the corporate veil.

The Court is mindful of Diebold's claim that Premier could satisfy any judgment against it and therefore there will be no need to pierce the corporate veil. Given that the facts are unclear at this point with respect to Diebold's direct involvement with the underlying causes of action, including the fraud claim, the Court declines to dismiss Diebold at this time. In the event that discovery clearly demonstrates that the veil cannot be pierced or that Diebold should not be a party to the remaining causes of action, Diebold is free to file another motion to extricate itself from the litigation.

**V.  Conclusion**

The Defendants' Motion to Dismiss is GRANTED IN PART AND DENIED IN PART. The breach of contract claim is DISMISSED. The remaining claims remain in effect. The motion for leave to file a supplemental brief is DENIED. Furthermore, as the

Court has resolved the pending motion to dismiss, the motion for a stay of the discovery in this matter is DENIED AS MOOT.

    IT IS SO ORDERED.


    October 2, 2009                           /s/ *Judge John R. Adams*
    Date                                      JUDGE JOHN R. ADAMS
                                                  UNITED STATES DISTRICT COURT